TIMOTHY COURCHAINE
United States Attorney
District of Arizona

SHEILA PHILLIPS
Assistant United States Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
JAN 2 7 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Yovani Alfredo Medina Limon,<br>Defendant. | No. CR26-00063-PHX-SMB (DMF)<br>**INDICTMENT**<br>VIO: 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D)<br>(Dealing Firearms without a License)<br>Count 1<br><br>18 U.S.C. §§ 922(a)(6) and 924(a)(2)<br>(Material False Statement During the Purchase of a Firearm)<br>(Counts 2-4)<br><br>18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

**COUNT 1**

On or about August 5, 2023 through on or about April 1, 2024, in the District of Arizona, Defendant YOVANI ALFREDO MEDINA LIMON, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms for profit.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNTS 2-4

On or about the below listed dates, in the District of Arizona, Defendant YOVANI ALFREDO MEDINA LIMON knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant YOVANI ALFREDO MEDINA LIMON did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, and that he was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant YOVANI ALFREDO MEDINA LIMON knew that he was purchasing the firearms for someone else:

| COUNT | DATE | FFL | FIREARM |
|---|---|---|---|
| 2 | 9/21/2023 | Sportsman's Warehouse (Yuma, AZ) | FN M249S Rifle |
| 3 | 2/12/2024 | Jones and Jones (Somerton, AZ) | FN SCAR-17S Rifle |
| 4 | 4/1/2024 | Firearms Unknown (Yuma, AZ) | Glock G19X 9mm Pistol |

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations in Counts 1-4 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1-4 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or

indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants is liable. If any forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

S/
FOREPERSON OF THE GRAND JURY
Date: January 27, 2026

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

S/
SHEILA PHILLIPS
Assistant U.S. Attorney